IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ORIGINAL

FEB 9 2006

| | | |
|---|---|---|
| PANDORIA S. OKPULOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-1755-M |
| | § | |
| PNC BANK, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant PNC Bank's Motion for Summary Judgment, dated January 3, 2006. The Court **GRANTS** the Motion.

## I. BACKGROUND FACTS

Plaintiff Pandoria Okpulor began working for Defendant PNC Bank ("PNC") on October 6, 1997. Okpulor worked as a lockbox clerk at PNC's office in Richardson, Texas, and was responsible for processing customer transactions, including checks and money orders.

Before beginning work with PNC, Okpulor had been diagnosed with lupus, a chronic disease that causes inflammation and pain. Okpulor alleges that she also suffers from arthritis as a result of her lupus. She has undergone hip and knee replacement surgery, and claims difficulty in walking.

Okpulor alleges that in early April 2003 one of her supervisors, Karen Thompson, told Plaintiff to "stop dragging [her] feet". Okpulor claims that Thompson was aware of Plaintiff's physical impairments when she made that statement. On May 5, 2003, Okpulor called Defendant's "Ethics and Compliance Reporting Hotline" (the "Hotline") to report this incident.

On May 8, 2003, Okpulor and Thompson had a disagreement about whether Plaintiff should work on a specific customer account, (the "Hospital Account"). Okpulor claims that

Thompson did not want Okpulor to work on the Hospital Account. She claims that Thompson "pushed the work into her chest". PNC contends that Okpulor left work early that day, without permission. Okpulor called the Hotline on May 28, 2003, and reported this incident.

Wayne West, PNC's Vice President of Employee Relations, states that Plaintiff left work prior to the end of her shift on November 20, 2003. That prompted him to investigate the events of that day and those of May 2003. After concluding his investigation, West states that he decided to terminate Okpulor's employment.

Okpulor brought this action, *pro se*, on August 12, 2004. She alleged discrimination and harassment on the basis of disability and retaliation. Defendant first moved for summary judgment on August 29, 2005. The Court granted the motion in part, and dismissed Plaintiff's claims of discrimination and harassment based on disability. *See Okpulor v. PNC Bank*, 3:04-CV-1755-M, 2005 U.S. Dist. LEXIS 33322, at *17 (N.D. Tex. Dec. 14, 2005). The Court granted leave for Defendant to file an additional motion to address Okpulor's retaliation claim. *Id.* Defendant filed the instant Motion, addressing Plaintiff's retaliation claim, on January 3, 2006. Plaintiff did not respond to Defendant's Motion.[1]

## II. STANDARD OF REVIEW

Summary judgment is warranted when the facts and law, as reflected in the pleadings, affidavits, and other summary judgment evidence show that no reasonable trier of fact could find for the nonmoving party as to any material fact. *Pourgholam v. Advanced Telemktg. Corp.*, No. 3:01-CV-2764-H, 2004 U.S. Dist. LEXIS 10659, at *2-3 (N.D. Tex. June 9, 2004) (citing Fed. R.

---

[1]Okpulor's failure to respond to the Motion does not alone support the automatic granting of the Motion. Defendants must still establish the absence of a genuine issue of material fact. See *United States v. Valdez*, C-05-330, 2005 U.S. Dist. LEXIS 30877, at *2 n.1 (S.D. Tex. Nov. 18, 2005) (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *John v. Louisiana*, 757 F.2d 698, 709 (5th Cir. 1985)); *see also Erickson v. Baylor Institute for Rehabilitation*, 3:04-CV-1433-M, 2006 U.S. Dist. LEXIS 3695, at *2 n.1 (N.D. Tex. Jan. 26, 2006) (Lynn, J.).

Civ. P. 56; *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986)). "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 322-25). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

The nonmovant is then required to go beyond the pleadings and designate specific facts that prove the existence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). That party may not rest on conclusory allegations or denials in its pleadings that are unsupported by specific facts. Fed. R. Civ. P. 56(e). The court must review all evidence in the record, giving credence to evidence favoring the nonmovant as well as "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses" and disregarding the evidence favorable to the nonmovant that the jury is not required to believe. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 152 (2000). Further, "the court must draw all justifiable inferences in favor of the nonmovant." *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 338 (5th Cir. 2005).

In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch Props.*, 140 F.3d at 625. "If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991).

However, in the absence of proof, a court will not conclude that the nonmoving party could prove the required facts. *Lynch Props.*, 140 F.3d at 625. Further, a party must do more than simply show some "metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.

III. ANALYSIS

The Court applies the modified *McDonnell Douglas* approach to claims of retaliation based on the Americans with Disabilities Act ("ADA").[2] *See Richardson v. Monitronics Int'l*, No. 05-10346, 2005 U.S. App. LEXIS 28982, at *14 (5th Cir. Dec. 21, 2005) (citing *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 310-12 (5th Cir. 2004)); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800-46 (1973). To prevail on her retaliation claim under the ADA, Okpulor must establish a prima facie case by showing (1) she participated in an activity protected by the ADA; (2) she was subject to an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse action. *See Wilborn v. Sw. Bell Tel. Co.*, 3:03-CV-0124-N, 2005 U.S. Dist. LEXIS 4699, at *12 (N.D. Tex. Mar. 23, 2005) (Godbey, J.) (citing *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999)); *see also Erickson*, 2006 U.S. Dist. LEXIS 3695 at *13-14. Okpulor's claim of retaliation based on the ADA fails because the summary judgment evidence would not allow a reasonable jury to conclude that a causal connection exists between

---

[2]In *Richardson v. Monitronics International*, in dicta, the Fifth Circuit panel suggests that the modified *McDonnell Douglas* analysis only applies if the employee concedes that discrimination was not the sole reason for her discharge, but argues that discrimination was a motivating factor in her termination. *See* No. 05-10346, 2005 U.S. App. LEXIS 28982, at *9-10 (addressing a claim of retaliation under the FMLA); *see also Pool v. US Investigation Servs.*, 3:04-CV-2332-M, 2005 U.S. Dist. LEXIS 31928, at *5 n.1 (N.D. Tex. Dec. 6, 2005) (Lynn, J.) (addressing a claim of retaliation under Title VII); *Walker v. Norris Cylinder Co.*, 3:03-CV-1009-D, 2005 U.S. Dist. LEXIS 20465, at *11 n.5 (N.D. Tex. Sept. 9, 2005) (Fitzwater, J.) (addressing a claim of discrimination under Title VII). Because the Court dismisses Plaintiff's claim for failure to prove a prima facie case, which is required whether the Court employs the traditional or modified *McDonnell Douglas* approach, the Court declines to determine whether Plaintiff's failure to argue a mixed-motive approach precludes application of the modified *McDonnell Douglas* approach. *See also Erickson*, 2006 U.S. Dist. LEXIS 3695 at *6 n.2.

any protected activity and Okpulor's termination. As a result, she cannot satisfy the third element of her prima facie case.

In order to establish a causal link between protected conduct and Okpulor's termination, the evidence must show that Defendant's decision to terminate was based in part on knowledge of any protected activity. *See Sherrod v. Am. Airlines*, 132 F.3d 1112, 1122 (5th Cir. 1998). Defendant, through the affidavit of Wayne West, has produced evidence that the employer's decision to terminate was not based on knowledge of any protected activity.[3] Plaintiff has not produced evidence that controverts this.[4] As a result, the Court find no genuine issue of material fact as to whether Okpulor has shown a causal connection between any protected activity and her termination. Because she has not produced sufficient evidence to create an issue of material fact as to the third element of her prima facie case, the Court **GRANTS** Defendant's Motion for Summary Judgment. *See Lynch Props.*, 140 F.3d at 625.

## IV. CONCLUSION

The Court **GRANTS** Defendant's Motion for Summary Judgment in its entirety.

---

[3]West states that "[t]he decision to terminate [Okpulor] was based on the final warning of May 23, 2003, the events of November 20, 2003 and [Okpulor's] misrepresentation regarding whether or not Nichols asked if she was going home because she was sick."

[4]Okpulor's unsworn pleadings do not constitute proper summary judgment evidence. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994)). Therefore, the Court does not consider Okpulor's Complaint in assessing whether the record evidence creates a genuine issue of material fact sufficient to survive Defendant's Motion for Summary Judgment.

**SO ORDERED.**

February 9, 2006.

BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS